UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARY EITEL   Plaintiff

v.   Civil Action No. 3:20-cv-12-RGJ

PNC BANK, N.A. ET AL   Defendants

## MEMORANDUM OPINION & ORDER

Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), and Marilyn Casey Eitel ("Marilyn") move for partial summary judgment and summary judgment on Plaintiff Mary Eitel's ("Plaintiff") claims against them in the Second Amended Complaint. [DE 232, DE 256]. Plaintiff responded and Wells Fargo and Marilyn replied. [DE 243, 248, DE 265, DE 268]. Plaintiff also moves for a stay or deferral of the Court's ruling on Wells Fargo's motion for summary judgment pending the completion of discovery. [DE 242]. Wells Fargo responded and Plaintiff did not reply. [DE 249]. Plaintiff also moves for leave to file a sur-reply opposing Wells Fargo's motion for partial summary judgment. [DE 269]. Wells Fargo responded and Plaintiff did not reply. [DE 271]. Finally, Plaintiff objects to the Magistrate Judge's memorandum opinion and order of March 24, 2022 under Fed. R. Civ. P. 72(a). [DE 270]. Wells Fargo responded to Plaintiff's objection. [DE 305]. For the reasons below, the Court will **DEFER** ruling on Wells Fargo's and Marilyn's motions for summary judgment, **DENY** Plaintiff's motion for leave to file a sur-reply; and **GRANT IN PART** and **DENY IN PART** Plaintiff's objection to the Magistrate Judge's order.

## I.  DISCUSSION

The Court addresses the parties' motions below in slightly different order than filed.

1

**A. Plaintiff's Motion to Defer Ruling on Wells Fargo's Motion [DE 242].**

Before ruling on Wells Fargo's motion for summary judgment,[1] the Court addresses Plaintiff's motion to deny as premature or alternatively defer the Court's ruling on Wells Fargo's motion for summary judgment pending the completion of certain discovery. [DE 242].

    1. Background

Plaintiff alleges that these claims against Wells Fargo:  Count 1 Racketeering, Count 2 Fraud, Count 3 Breach of Fiduciary Duty as Trustee to Income Beneficiary of the Issue Trust, Count 5 Breach of Duty of Good Faith and Fair Dealing, Count 8 Accounting, and Count 9 Negligence. [DE 104, Pla. Sec. Am. Compl.].  Wells Fargo moves for summary judgment arguing Plaintiff's claims are time barred.  Wells Fargo argues that Plaintiff had sufficient information from Wells Fargo in 2004 to trigger the statute of limitations, which all had run by the time Plaintiff sued in 2020.  Plaintiff argues that the motion should be denied as premature or alternatively deferred pending Plaintiff's completion of certain discovery on Wells Fargo and third-parties she says is necessary to respond to the motion.

    2. Standard

The Court may defer ruling on a motion for summary judgment under Federal Rule of Civil Procedure 56(d) where facts essential to its opposition are unavailable to the nonmovant. "The purpose behind Rule 56(d) is to ensure the plaintiffs receive 'a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment.'" *Doe v. City of Memphis,* 928 F.3d 481, 490 (6th Cir. 2019) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)). A nonmovant must show by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). If so, the

---

[1] Wells Fargo styles is motion as one for partial summary judgment, but moves for summary judgment on all Plaintiff's claims against it.

Court may defer considering or deny the motion for summary judgment, allow additional time for discovery, or issue any appropriate order. *See* Fed. R. Civ. P. 56(d)(1)–(3).

When the non-moving party has not received a full opportunity to conduct discovery, denying a Rule 56(d) motion would "likely constitute an abuse of discretion." *Ball*, 385 F.3d at 719; *see also White's Landing Fisheries, Inc. v. Bucholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994) ("It follows that a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery."). The Sixth Circuit "has cited approvingly other circuits' view that 'a . . . motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Doe*, 928 F.3d at 490–91 (alteration in original) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 n.7).

        3.  <u>Analysis</u>

Plaintiffs argues she needs discovery on "Defendant's conduct and information relating to their service as trustee of the trusts at issue in this ligation, a swath of fact which bear directly on Defendant's defenses and Plaintiff's factual assertions relation to concealment, non-disclosure, and scope of knowledge of Defendant and Plaintiff during the time Defendant was trustee." [DE 242 at 3384-85]. These are the reasons Plaintiff specifies in her affidavit submitted by counsel that she cannot present facts essential to oppose Wells Fargo's motion for summary judgment: (1) Wells Fargo's document productions include voluminous trust records that were previously undisclosed to Plaintiff as a beneficiary, (2) Wells Fargo's corporate representative has yet to be deposed, (3) Wells Fargo discovered a microfiche file that has yet to be produced and the information in it is unknown and potentially voluminous, (4) testimony from the representatives of PNC Bank and South State Bank may reveal Wells Fargo "knew Plaintiff was a beneficiary and

still did not communicate with her or was ordered not to by Paul T. Eitel, Jr., either scenario constitute concealment germane to [Wells Fargo's] motion," (5) "expert discovery will similarly provide evidence to rebut [Wells Fargo's] motion for summary judgment . . . [including] defenses to [Wells Fargo's] affirmative defenses . . . legal issues germane to tolling doctrines . . .", (6) tax returns will bear on Paul Jr.'s "ascertainable standards restricting discretionary distributions" which impacts "Plaintiff's ability to address . . . tolling doctrines, discovery rules, or any defense to [Wells Fargo's affirmative defenses. . ." 97)   [DE 242-1].  Plaintiff argues these areas of discovery could yield evidence of how "the concealed injuries to Plaintiff, misrepresentations and omissions, and the inapplicability of statutes of limitations to Plaintiff's claims as they relate to [Wells Fargo]." [DE 242-1 at 3388].  Plaintiff also states that the corporate deposition of Wells Fargo will enable Plaintiff to determine whether she need to depose third-party former employees of Wells Fargo "in order to acquire the information relating to the relationship between WFB and Paul T. Eitel, Jr., Plaintiff, and Marilyn . . . and the very nexus of Plaintiff's harm is centered on withholding and failure to disclose material information relating to these people." [DE 242-1 at 3388].

Wells Fargo argues that the items of discovery identified in Plaintiff's motion to defer are irrelevant to its motion for summary judgment because "whether Plaintiff's claims are timely . . . turns on when Wells Fargo Bank served as trustee of the three Trusts (which is undisputed) and Plaintiff's own conduct and knowledge," not the issues identified by Plaintiff in her motion to defer. [DE 249 at 3752].  Wells Fargo argues it was not involved with the Trusts after 2003 and that Plaintiff's written communications in 2003, 2004, and later are undisputed and show her awareness and discovery of her alleged harm caused by Wells Fargo. [DE 249 at 3755-56]. Wells

4

Fargo also argues that Plaintiff fails specifically to identify the discovery she hopes to obtain that would have material impact on Wells Fargo's motion for summary judgment. [DE 249 at 3754].

While the Court understands Wells Fargo's arguments, Plaintiff has presented specific enough reasons she should be able to complete her discovery with Wells Fargo before the Court rules on the motion for summary judgment. As of the time of Wells Fargo's motion, its corporate representative had not been deposed and discovery disputes have since been resolved by the Magistrate Judge as to Plaintiffs discovery with Wells Fargo. The Plaintiff is asserting a theory of concealment as to at least some of Wells Fargo's arguments on the statute of limitations. Under the Court's current scheduling order, fact discovery was completed on May 10, 2022. [DE 267]. Although the Plaintiff is seeking an extension to complete fact discovery [DE 285] that motion does not appear to address discovery with Wells Fargo and the Court is not convinced that discovery on PNC Bank or South State Bank would impact Plaintiff's ability to respond to Wells Fargo's motion for summary judgment. It also appears that Wells Fargo's corporate representative was deposed on May 5, 2022. [DE 305]. Accordingly the Court will grant Plaintiff until November 2, 2022[2] to file any supplement to her response to Wells Fargo's motion for summary judgment as to the discovery garnered since the filing of Plaintiff's motion to defer.[3] Wells Fargo will have 20 days to supplement its reply. At that point the motion will stand submitted for ruling.

Also, although Plaintiff did not move to defer ruling on Marilyn's motion for summary judgment, the Court finds as a matter of judicial economy that it will defer ruling on that motion as well. The Plaintiff makes six claims against Marilyn as the personal representative of the estate

---

[2] The Court is separately granting an extensions through November 2, 2022 for Plaintiff and Defendants to respond to other dispositive motions.
[3] This supplement shall only pertain to the discovery garnered since the briefing on the motion for summary judgment. This is not an opportunity to reargue or raise issues already before the Court in the summary judgment briefing.

of Paul T. Eitel, Jr.: (Count 1) racketeering in violation of 18 U.S.C. 1964(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (Count 2) fraud, (Count 3) breach of fiduciary as power of attorney for [Paul Jr.], (Count 5) breach of duty of good faith and fair dealing as power of attorney for [Paul Jr.], (Count 6) intentional interference with contract, (Count 7) constructive trust. [DE 104, Sec. Am. Compl.]. Marilyn argues in her motion for summary judgment that these claims are barred by the applicable statute of limitations. [DE 256]. She also argues Plaintiffs RICO, fraud, and constructive trust claims fail on their merits. *Id.* Marilyn's motion, like the motion filed by Wells Fargo, argues that the statute of limitations have run based on the Plaintiff's knowledge and statements made in 2004. As a matter of judicial economy and to ensure consistency, the Court will consider these motions at the same time.[4]

### B. Plaintiff's Motion to File Sur-Reply [DE 269].

Plaintiff moves for permission to file a sur-reply to Wells Fargo's motion for summary judgment because she alleges Wells Fargo's reply raised new arguments, evidence, and authorities absent from the original motion. [DE 269]. Wells Fargo objects to the motion.

Whether to permit a party to file a sur-reply is a matter left to the trial court's discretion. Key v. Shelby *Cnty.,* 551 F. App'x 262, 264 (6th Cir. 2014) (citing *Eng'g Mfg. Servs., LLC v. Ashton,* 387 F. App'x 575, 583 (6th Cir. 2010); *Tanielian v. DaimlerChrysler Corp.,* 108 F. App'x 386, 387 (6th Cir. 2004)). "Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Seay v. Tenn. Valley Auth.,* 339 F.3d 454, 481 (6th Cir. 2003). "As many courts have noted, '[s]ur-replie . . . are highly disfavored, as they usually

---

[4] Also at the time of this order at least one other party, PNC, has move for summary judgment on statute of limitations grounds but that motion is not yet ripe.

are a strategic effort by the nonmoving party to have the last word on a matter.'" *Liberty Legal Found. V. Nat'l Democratic Party of the USA,* 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (quoting *In re Enron Corp. Secs.,* 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006)) (additional citation omitted). "The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments or introduce new evidence." *Id.*; *see, e.g.*, *Key,* 551 F. App'x at 265 (holding that district court's denial of motion to file sur-reply was not abuse of discretion due to lack of new arguments raised in reply and six-month delay between filing of reply and motion for sur-reply).

Plaintiff asserts that Wells Fargo's reply brief raised arguments and evidence that were not present in its original motion. It difficult for the Court to figure out from Plaintiff's 29 page proposed sur-reply which arguments she alleges are new. It appears she asserts that these arguments were improperly made by Wells Fargo: (1) arguments about residency under the statutory tolling provision under KRS 413.190(2) and (2) the argument that Plaintiff had actual notice of Wells Fargo's misconduct which makes the basis of Plaintiff's claims. [DE 269-1]. The Court has reviewed Plaintiff's proposed sur-reply and the few issues it appears to allege were not presented in the original motion were raised by Wells Fargo as counterpoints to Plaintiff's arguments in her response brief. That is appropriate. Plaintiff's motion to file a sur-reply is **DENIED**.

### C. Plaintiff's Objection to the Magistrate Judge's Order [DE 270].

The Court referred this case to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) to resolve all non-dispositive matters. [DE 60]. The Magistrate Judge thus resolved Plaintiffs' Motions to Compel concerning South State Advisory [DE 253], Wells Fargo [DE 254], and South State Bank [DE 255]. [DE 267, 03/24/22 Opinion & Order]. A party may object to a magistrate

7

judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Magistrate Judge issued her Order on March 24, 2022. [DE 267]. Objections were thus due by April 7, 2022. Plaintiff's objection was filed on April 8, 2022. Plaintiff filed an Affidavit explaining technical difficulties encountered while trying to file the objection at 11:40 p.m. on April 7, 2022. [DE 278]. No party has responded to Plaintiff's objection arguing it was untimely or demonstrated prejudice in the late filing. The Court will consider the objection.

   1. Standard

When a party timely objects to a magistrate judge's non-dispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). Factual findings are reviewed under the clearly erroneous standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd per curiam*, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition) (internal quotation marks omitted). The Magistrate Judge's legal conclusions are reviewed under the contrary to law standard. *Gandee*, 785 F. Supp. at 686. A legal conclusion conflicts with law if it contradicts or ignores applicable precepts of law. *Id.* citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D.Cal.1983).

   2. Analysis

       a. *Plaintiff's Motion to Compel Wells Fargo's 30(b)(6) Deposition*

Plaintiff argues the Magistrate Judge's order erred in these ways as to her motion to compel Wells Fargo's Rule 30(b)(6) deposition: (1) finding Topic No. 36[5] on knowledge of taxation of generation skipping trusts before the 1986 IRS reform irrelevant, (2) finding the policies on calculating net income irrelevant, (3) finding communications between Wells Fargo and other beneficiaries irrelevant, and (4) finding communications to or from Wells Fargo on testator intent in the Trusts irrelevant. [DE 270 at 5641-42]. Well's Fargo filed a response to the objection. [DE 305].

As to Topic 37 on generation skipping trusts the Magistrate Judge found Plaintiff failed to show it is relevant. [DE 267 at 5574]. Plaintiff argues this was error and that it was "relevant[t] on its face" because the "Trusts are GST on their face . . ." [DE 270 at 5641]. But Plaintiff did not make this specific argument on relevance in her motion to compel. [DE 254]. Thus the Magistrate Judge did not have the chance to consider it and it is waived. *Zieger v. Carl Zeiss Vision, Inc.*, No. CV 18-198-DLB-CJS, 2020 WL 1317477, at *5 (E.D. Ky. Mar. 20, 2020) ("Because parties may not raise new arguments in objections to a magistrate judge's R&R, [Plaintiff's] objection is improper and therefore overruled.") (internal citations omitted); *Reed v. Parker*, No. 3:18-CV-254-DJH-RSE, 2021 WL 6882414, at *3 (W.D. Ky. Mar. 16, 2021) ("Since [plaintiff] did not raise these arguments before Judge Edwards, the Court finds that [plaintiff] waived these arguments.") (collecting cases). This objection is **OVERRULED**.

Contrary to the Plaintiff's objection, the Magistrate Judge found that Topic 26 on calculating net income is relevant. [DE 267 at 5574]. This objection is **OVERRULED**.

---

[5] Although Plaintiff cites Topic 36 in her objection, it is Topic 37, not Topic 36, is on "[g]eneration skipping trust taxation prior to 1986 IRS GST tax reform." [DE 267 at 5574]. Thus the Court interprets this objection to Topic 37, not Topic 36.

The Magistrate Judge found communications between Wells Fargo and other beneficiaries as well as communications to or from Wells Fargo on testator intent in the Trusts "overbroad and preparing a designee to testify to them would be unduly burdensome in light of Wells Fargo's previous production of documents evidencing the communications at issue." [DE 267 at 5574]. Plaintiff objects that the Magistrate Judge found these topics "irrelevant," but the Magistrate Judge found these topics overbroad and unduly burdensome given documents already produced. Plaintiff does not specifically address the reasoning of this ruling her objections and makes new arguments not made in her original motions. This objection is **OVERRULED**.

### b. PNC

Plaintiff argues the Magistrate Judge's order erred in finding PNC met its burden for a motion to protect as to topics for a Rule 30(b)(6) deposition. [DE 270 at 5642-43]. Plaintiff also argues that the "Court misinterprets the law on 30(b)(6) as it relates to PNC Bank, N.A." [DE 270 at 4642]. The Magistrate Judge did not grant Plaintiff's motion for sanctions against PNC finding that Plaintiff's counsel's difficulty with the deposition was avoidable because the Plaintiff knew as soon as four days before the deposition that PNC objected to the notice as served. [DE 267 at 5567]. Plaintiff has not cited law or facts in her objection that show this ruling was clearly erroneous. Nor does Plaintiff explain how the Magistrate Judge misinterpreted the law or how the Magistrate Judge erred in finding PNC met the requirements for a protective order. This objection is **OVERRULED**.

### c. South State Bank and South State Advisory

Plaintiff argues the Magistrate Judge's order erred in ruling that South State Bank need not respond to Request for Production 26. [DE 267 at 5643]. Plaintiff also argues that the Magistrate Judge erred in ordering her to produce a privilege log and other communications in response to

10

South State Bank's motion to compel. [DE 270 at 5649-50]. As to the Magistrate Judge's rulings involving South State Bank, Plaintiff argues the rulings on the scope of the Rule 30(b)(6) depositions for the South State Bank entities were in error. [DE 270 at 5651]. South State Bank did not file a response to Plaintiff's objections.

### i. Plaintiff's Motion to Compel South State Bank

The Magistrate Judge ruled that South State Bank need not respond to Request for Production No. 26 because the Plaintiff did not meet her burden in showing a need for the records. [DE 267 at 5578]. Request for Production No. 26 includes "[a]ll communications or other documents relating to [South State Bank]'s purposes, objectives, goals, or intent in [] Jefferson District Court probate actions 16-P-4453, 16-P-4454, and 20-P-615 and related appeals."[DE 267 at 5575]. Plaintiff explains that "[s]uch decision-making is central to [her] Abuse of Process claims against [South State Bank] as well as the overall scope of the other claims alleged against [South State Bank]." *Id.* at 3962.

In Count 10, Plaintiff alleges abuse of process against South State Bank. [DE 90-1 at 1312]. Plaintiff alleges that "South States is misusing the probate action to accomplish a purpose other than which it was designed" "seeking exoneration which is neither contemplated or available under KRS 386B.4-140 and such conduct constitutes willful acts that are not proper in the conduct of the proceeding." [*Id.*].

A defendant is liable for abuse of process where he or she used "a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which that process is not designed." *Sprint Commc'ns Co., L.P. v. Leggett*, 307 S.W.3d 109, 113 (Ky. 2010) (citing Restatement (Second) of Torts § 682 (1977)). Under Kentucky law, there are two essential elements of the claim: "(1) an ulterior purpose and (2) a willful act in the use of the process not

11

proper in the regular conduct of the proceeding." *Bonnie Braes Farms, Inc. v. Robinson*, 598 S.W.2d 765, 765 (Ky App. 1980) (citing W. Prosser, Handbook of the Law of Torts, § 121 (4th ed. 1978)). Both elements must be present, as "there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion even if we assume arguendo bad intentions." *Simpson v. Laytart*, 962 S.W.2d 392, 395 (Ky. 1998). In essence, abuse of process involves "a form of extortion, and it is what is done in the course of negotiation, rather than the issuance of any formal use of the process itself." *Simpson*, 962 S.W.2d at 395.

The Magistrate Judge held that Plaintiff "has not met her burden of demonstrating a need for the requested records a [communications or other documents relating to [South State Bank]'s purposes, objectives, goals, or intent in [] Jefferson District Court probate actions 16-P-4453, 16-P-4454, and 20-P-615 and related appeals]." [DE 267]. Thus, the Magistrate Judge held "South State Bank need not respond to Request for Production No. 26." [DE 267 at 5578]. This ruling was based on the Magistrate Judge's determination that the purpose behind the probate filings being clear and South State Bank following the directive of KRS 386B.8-180.[6] While the Magistrate Judge' ruling cites need, the analysis went to the question of relevance. But the Magistrate Judge's order does not analyze the relevance of this category of documents to Plaintiff's abuse of process claim. Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Evid. 401 deems evidence relevant if it has "any tendency to make a fact more or less probable." The relevancy of Request for Production of Documents 26 is apparent on its face in the context of the abuse of process claim as documents relating to South State Bank's purposes, objective, goals, or intent in the probate proceedings go directly to the first element of

---

[6] Plaintiff objects to this determination as inaccurate. Regardless of whether it was accurate the Court finds it misplaced in determining whether the discovery sought is relevant to Plaintiff's abuse of process claim.

an abuse of process claim (alleged ulterior purpose). The Court **GRANTS** Plaintiff's objection on the Magistrate Judge's ruling [DE 267 at 5575-78] that South State Bank need not respond to Request for Production No. 26. South State Bank must respond to Request for Production No. 26. The Magistrate Judge's opinion did not reach attorney-client privilege disputed between the parties. If South State Bank asserts any of the responsive documents are subject to privilege or work product protection, it shall produce a privilege log.[7] Any disputes over privilege or work product shall be presented to the Magistrate Judge in accordance with the rules and procedures set forth by the Magistrate Judge.

Plaintiff also argues the Magistrate Judge erred in denying her motion to compel South State Bank to provide a representative for deposition on topics relating t communications on other non-trust accounts of Marilyn and Paul Jr. [DE 270 at 5652]. Plaintiff makes new arguments not made in her original motions. This objection is **OVERRULED**.

## ii. South State Bank's Motion to Compel

Plaintiff also argues that the Magistrate Judge erred in ordering her to produce a privilege log and other communications in response to South State Bank's motion to compel. [DE 270 at 5649-50]. Plaintiff states several findings she argues are objectionable but does not explain how they were erroneous. She also objects to the Magistrate Judge's ruling that she opened the door to

---

[7] Fed. R. Civ. P. 26(b)(5) requires a party withholding discoverable information on privilege grounds or work product protection to "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and [to] do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Courts interpreting this provision have held that it requires the person withholding discovery to produce a privilege log that meets certain minimum requirements. As one district court explained, "[E]ach document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery." *Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 118, 120 (E.D. Mich. 2019) (quoting *Clark Const. Grp., Inc. v. City of Memphis*, No. 01-2780, 2005 WL 6187896, at *1 (W.D. Tenn. Feb. 9, 2005)).

waiving the attorney-client privilege by disclosing part of her attorney's letter in 2004. But the Magistrate Judge states in her order that she was not ruling this action constituted a general waiver. [DE267 at 5564]. And her ruling was not based on the partial waiver in 2004, but based on Plaintiff putting the communications in issue in this litigation on the issue of the statute of limitations. [DE 267 at 5563]. This objection is **OVERRULED**.

### iii. Plaintiff's Motion to Compel South State Advisory

As to the Magistrate Judge's rulings involving South State Advisory, Plaintiff argues the rulings on her motion to compel the Rule 30(b)(6) deposition for the South State Advisory was in error. [DE 270 at 5651]. Plaintiff's arguments are unclear and appears to be making new arguments not made in her original motion before the Magistrate Judge. This objection is **OVERRULED**.

### d. Marylin

Finally, Plaintiff argues the Magistrate Judge' order erred in (1) denying her discovery of tax of Marilyn's and Paul Jr.'s tax returns from 1986 to the present, and (2) denying her Marilyn's and Paul Jr.'s bank and trust records. [DE 270 at 5646-49]. Marilyn did not file a response to Plaintiff's objection to the Magistrate Judge's order.

The Magistrate Judge ruled in declining to compel Marilyn to produce tax returns before 2014 that the burden of producing the documents on Marilyn "outweighs Plaintiff's need for this potentially duplicative information." [DE 267 at 5565]. The Magistrate Judge emphasized that it would cost Marilyn $1,000 dollars to potentially obtain older tax returns from the IRS and that South State Bank already produced "the financial documents" that "it considered before disbursing funds" to Paul Jr. Plaintiff argues tax returns from 1986 to the present would "demonstrate whether Plaintiff's allegations – that upon marriage to Marilyn, Paul Jr. and the defendant-trustees elevated

his ascertainable standard beyond that which he was accustomed . . ." [DE 270 at 5647-48]. While the Court can understand the potential relevance of the tax returns, the Magistrate Judge overruled the objection as unduly burdensome particularly because information sought in the tax returns might be duplicative and South State Bank has provided the documents it considered before disbursing funds. Plaintiff does not dispute this finding in her objection. Plaintiff does raise for the first time in her objection an offer to pay the $1,000 it would cost Marilyn to attempt to obtain the documents from the IRS. But this offer was not made in the briefing before the Magistrate Judge, [DE 251]. The objection to the ruling on Marilyn's tax returns before 2014 is **OVERRULED**.

The Magistrate Judge ruled in declining to compel Marilyn to produce bank records that such records "go far beyond what would be necessary to determine whether the disbursements made were proper" and again emphasized that South State bank has already provided Plaintiff the documents it considered in making disbursements. [DE 267 at 5566]. Plaintiff objects that the Court incorrectly stated that the bank records "were already produced." [DE 270 at 5648-49]. But that is not what the Magistrate Judge's order says. It says that South State bank has produced the documents it considered in determining whether to make a distribution, not that South State bank had produced Marilyn's bank records. The Magistrate Judge did not err in determining that producing Marilyn's bank records would go "far beyond what would be necessary to determine whether the disbursements made were proper." [DE 267 at 5566]. This objection to the ruling on Marilyn's bank records is **OVERRULED**.

## II. CONCLUSION

For the reasons above, the Court **ORDERS** as follows:

1. The Court's consideration of Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment [DE 232] is deferred and thus **ADMINISTRATIVELY REMANDED** to be reinstated on **November 23, 2022** after supplementation as set forth below;

2. The Court's consideration of Marilyn Casey Eitel's motion for summary judgment on Plaintiff Mary Eitel's ("Plaintiff") claims against them in the Second Amended Complaint [DE 256] is deferred thus **ADMINISTRATIVELY REMANDED** to be reinstated on **November 23, 2022**;

3. Plaintiff's motion for a stay or deferral of the Court's ruling on Wells Fargo's motion for summary judgment pending the completion of discovery [DE 242] is **GRANTED IN PART** and Plaintiff has until November 2, 2022 to supplement her response to Well's Fargo's motion for summary judgment with any new discovery garnered as set forth above and Wells Fargo will have 20 days after to supplement it reply in support of its motion for summary judgment;

4. Plaintiff's motion for leave to file a sur-reply opposing Wells Fargo's motion for partial summary judgment [DE 269] is **DENIED**;

5. Plaintiff's objections to the Magistrate Judge's memorandum opinion and order of March 24, 2022 under Fed. R. Civ. P. 72(a) [DE 270] are **GRANTED IN PART** as set forth above and are otherwise **DENIED AND OVERRULED** as set forth above.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

September 29, 2022

16