UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARY EITEL                                                                                    **Plaintiff**

v.                                                                      Civil Action No. 3:20-cv-12-RGJ

PNC BANK, N.A. ET AL                                                          **Defendants**

### MEMORANDUM OPINION & ORDER

Plaintiff Mary Eitel ("Plaintiff") moves the Court to reconsider/vacate/alter/amend its order granting summary judgment to Defendants PNC Bank, N.A. ("PNC"), Wells Fargo Bank, N.A. ("Well Fargo"), and Marilyn Casey Eitel ("Marilyn") and dismissing Plaintiff's claims against Defendants SouthState Bank, N.A. ("SouthState Bank") and SouthState Advisory, Inc. ("SouthState Advisory") (collectively "SouthState") as abandoned. [DE 430]. As part of the motion Plaintiff moves the Court to permit a late filing that exceeds the page limit under the local rules. [DE 430 at 14603]. The motion is fully briefed. [DE 439, DE 440, DE 442, DE 448, DE 449, DE 450]. In addition, the Court **REINSTATES** the following briefed motions: South State's Bill of Costs and Motion for Attorney's Fees [DE 422, DE 423], Marilyn's Bill of Costs [DE 424], Wells Fargo's Bill of Costs [DE 426], PNC's Bill of Costs [DE 427], and Plaintiff's Motion for Attorney's Fees [DE 431]. These motions are fully briefed. [DE 433, DE 441, DE 444, DE 445, DE 446, DE 452, DE 453, DE 454, DE 455, DE 457, DE 458].   For the reasons below, Plaintiff's Motion to reconsider/vacate/alter/amend [DE 430] is **DENIED**, Plaintiff's motion for leave to permit late filing exceeding the page limit [DE 430] is **DENIED**, SouthState's and Plaintiff's motions for attorney's fees [DE 423; DE 431] are **DENIED**, and Defendants' costs [DE 422, DE 424, DE 426, DE 427] are **GRANTED**.

1

## BACKGROUND

The Court entered summary judgment in favor of Wells Fargo, PNC, and Marilyn on the claims brought against them by Plaintiff. [DE 415]. As for Plaintiff's claims against SouthState Bank and SouthState Advisory, the Court dismissed those as abandoned. [DE 415 at 12739]. Plaintiff never responded to those claims despite three extensions of time, and SouthState filing a notice of no response. [DE 339, DE 355, DE 367].[1] After the Court's dismissal, Plaintiff filed a ninety-nine-page response to SouthState Bank's motion for summary judgment without leave of the Court, [DE 417], a notice of exhibits [DE 418], and a notice of additional exhibits [DE 419]. Plaintiff did not file a belated response to SouthState Advisory's motion. Two days later, Plaintiff filed a notice attaching more exhibits. [DE 420]. The Court struck the documents from the record because they were untimely and filed without leave. [DE 421]. The facts surrounding Plaintiff's claims and litigation background are detailed in the Court's previous order. [DE 415]. Because they are extensive, the Court will not restate them here, but instead incorporates the facts and nomenclature adopted in its previous order.

## I.      DISCUSSION

### A.  Motion to Reconsider

Plaintiff moves the Court to reconsider its order [DE 415] granting summary judgment to Defendants PNC, Wells Fargo, and Marylin and dismissing her claims against SouthState Advisory and SouthState Bank as abandoned. [DE 430].

---

[1] Plaintiff objected to the Magistrate Judge's order that imposed the final November 29, 2022 deadline. And, on January 31, 2023, Plaintiff asked for more time to meet the Court's pretrial filings deadline and to postpone the pre-trial hearing. [DE 440].

1.  <u>Standard</u>

Fed. R. Civ. P. 59(e) is intended to permit a court to "rectify its own mistakes in the period following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). A court may alter or amend a prior judgment under Rule 59(e) based only on (1) "a clear error of law," (2) "newly discovered evidence," (3) "an intervening change in controlling law," or (4) "a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

Fed. R. Civ. P. 60(b) provides that a court "may relieve a party or its legal representative from final judgment, order, or proceeding" for many reasons. Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(1) is proper "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Rule 60(b)(6) is a catch-all provision that provides relief from a final judgment when the movant shows "any other reason that justifies relief." *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005).

The issue is whether the Court's opinion granting summary judgment to PNC, Wells Fargo, and Marilyn and dismissing Plaintiff's claims against SouthState should be amended to correct a substantive mistake of law or fact, to prevent manifest injustice, or for any other reason justifying relief.

2. <u>Analysis</u>

At the outset Plaintiff's motion primarily attempts to relitigate issues already raised in response to the motions for summary judgment or that could have been raised in response to the motions for summary judgment. Examples of these arguments are set forth below. Also, several Plaintiff's arguments center around the Court not drawing inferences in her favor, but the Court was not required to draw unreasonable inferences. *Audi AG v. D'Amato*, 469 F.3d 534, 545 (6th Cir. 2006) ("[w]e will not draw . . . unreasonable inferences.").

*a.  Plaintiff's claims against PNC, Wells Fargo, and Marilyn*

Because these are primarily relitigated or irrelevant arguments and discuss a myriad of issues, the Court addresses them in summary fashion.

- Plaintiff's motion argues that the Court failed to adequately understand and address the release contained in two of the trusts at issue. [DE 430 at 14579-82]. PNC previously argued, and Plaintiff previously disputed in her response to PNC's motion for summary judgment, that the terms of the trusts shielded PNC from liability. [DE 326 at 8628, 8651-54; DE 329, Pla. Resp. at 10322-25; 10329-31]. The Court noted in its opinion that Senior's Trust Under Agreement stated that "the approval of the Advisory Committee covering the above relieves the Trustee from any liability or responsibility for having acted in accordance with such approval." [DE 415 at 12725 (citing DE 232-3)]. But the Court ultimately ruled Plaintiff's claims against PNC were time barred and did not address the merits of whether the trusts' language shielded PNC from liability. [DE 415].

- Without citation, Plaintiff argues that the Court had "the false belief PNC was required to consult with Paul Jr. under the terms of the Trusts," which was incorrect because "[he] relinquished his power as advisor in 1982." [DE 430 at 14576]. This was not an issue the Court reached in its

opinion. Thus, in addition to repeating arguments already made and considered in ruling on PNC's motion, these arguments are irrelevant. Plaintiff argues the Court "took the position [she] 'should have known,' and that the documents at PNC were available to her because she did not follow up with account numbers with Kathy Karwijna . . ." [DE 430 at 14582]. This is inaccurate. The Court held that Plaintiff's statute of limitations had run at the time of Plaintiff's exchanges with Karwejna. [DE 415 at 12758]. Thus, Plaintiff's arguments about those exchanges were irrelevant.

- Plaintiff argues that the Court failed to view facts in a light most favorable to her regarding her knowledge about the sale of the Porter Paint stock and the Illinois farm. At a minimum, her deposition testimony demonstrated she knew about both in 2004. [DE 326-3, Pl. Dep. 123:20-25–124:6].

- Plaintiff argues the Court put undue weight on her role as "the stockbroker" for the trusts. The Court's order never found Plaintiff was "the" sole stockbroker for the Trusts, only that she was "a" stockbroker and in that role, had certain knowledge. According to her testimony, because she was Junior's stockbroker, she had knowledge of Junior's ascertainable standard of living. [DE 232-4, Pl. Dep. at 45:5-12; 47:12–48:5; 103:11–15; 104:7–15; 105:1-8]. Plaintiff also argues that her claims were timely, repeating arguments made previously that her claims were saved by a discovery rule and actual knowledge was required to trigger the limitations periods. These issues were addressed in the Court's opinion [DE 415 at 12746-51]. Kentucky's ten-year statute of repose for fraud claims cannot be saved by a discovery rule and is not subject to equitable tolling. [*Id.* at 12746 (citing KRS 413.130(3); *Hernandez v. Daniel*, 471 S.W.2d 25 (Ky. 1971)]. Kentucky's five-year statute of limitations for breach of trust claims is not subject to a discovery rule. [*Id.* at 12749 (citing KRS 413.120(6); *Middleton v. Sampey*, 522 S.W.3d 875, 879 (Ky. App. 2017)]. Even if Plaintiff's breach of trust claims (pleaded as a breach of good faith and fair dealing claim)

were construed as a breach of contract claim, no discovery rule would apply and the limitations periods at issue would have expired before she filed suit. [*Id*. at 12751 n. 8]. Even if some discovery rule did apply to Plaintiff's claims against PNC and Wells Fargo, it would not require actual knowledge to be triggered. [*Id*. at 12750 n. 6 (citing *Roark v. 3M Co*., 571 F. Supp. 3d 708, 712 (E.D. Ky. 2021) ("[T]he discovery rule stops tolling the statute of limitations once the plaintiff knows, either actually or constructively, that the defendant 'may' have caused his injury—definitive knowledge of causation is not required.")].

- Further, for the reasons already stated, Plaintiff's claims are not saved by *Osborn v. Griffin*, 865 F.3d 417 (6th Cir. 2017).  [DE 415 at 12751-52].  Nor is *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 140 S. Ct. 768, 775 (2020) on point. *Sulyma* is an ERISA case and does not apply to the statutes of limitations at issue here.

- Plaintiff restates her argument that the statute of limitations under Kentucky law from 1998 to 2014 is unconstitutional. [DE 430 at 14589]. This argument was rejected before because Plaintiff presented no support or authority. [DE 415 at 12750]; *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). The Court is also not aware of any notice Plaintiff provided as required under KRS § 418.075(1) when the constitutionality of any Kentucky statute is challenged.

- Plaintiff cites *Queensway Fin. Holdings Ltd. v. Cotton & Allen, P.S.C.*, 237 S.W.3d 1441, 147 (Ky. 2007) and *Alagia, Day, Trautwein & Smith v. Broadbent*, 882 S.W.2d 121 (Ky. 1994). [DE 430 at 14587-89]. Plaintiff then argues for the first time in her motion to reconsider that based on these cases the limitations periods on her claims did not begin to run until the full amount of her damages was determined to have been concrete and particularized and her damages were no

longer speculative. [DE 430 at 15-17]. These arguments could have been raised before.  But even if they had been, they fail. Neither case apply the statute of limitations and repose that govern the claims at issue here.  Further, "Kentucky law has never required a specified dollar amount be known before the statute of limitations can run." *Matherly Land Surveying, Inc. v. Gardiner Park Dev. LLC*, 230 S.W.3d 586 (Ky. 2007).

- Plaintiff reraises that Marilyn had a duty to her. [DE 430 at 14577-78]. But Plaintiff concedes she cites no law in Kentucky or South Carolina in support of a duty and cites two inapplicable cases from California. [*Id*.]

- Plaintiff presents for the first time a "newly identified disability" that "deprived her of the ability to 'discover' or 'know' of her injury." [DE 430 at 14496-98]. Plaintiff submits an unauthenticated telephone dictation report from a doctor's examination of Plaintiff in 2017 relating to a Department for Disability Determination examination. [*Id*.] For this report to constitute newly discovered evidence under Rule 60(b)(2), Plaintiff "must demonstrate (1) that it exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co*., 750 F.3d 573, 584-85 (6th Cir. 2014) (internal quotation marks and brackets omitted); *see also Wilden v. Laury Transportation, LLC*, No. 3:13-CV-784-DJH-CHL, 2017 WL 10442231, at *2 (W.D. Ky. Sept. 26, 2017). The report is dated six years before the Court's judgment. Plaintiff offers no evidence or even argument that she exercised reasonable diligence in obtaining the report and does not affirmatively state that she discovered it after judgment was entered. Because Plaintiff fails to demonstrate that she exercised

diligence in obtaining the report, the Court need not address whether it is material.  However, it is unlikely the report would be material in undoing her deposition testimony.

For these reasons and those set forth in the original Order, the Court **DENIES** Plaintiff's motion to reconsider/alter/amend/vacate as to the PNC, Wells Fargo, and Marilyn.

### b.  Plaintiff's claims against South State

As an initial matter, Plaintiff did not respond to SouthState Advisory's motion for summary judgment and only asks the Court to reconsider its rulings as to SouthState Bank. [DE 430]. Plaintiff's motion neither seeks leave to file an untimely response to SouthState Advisory's motion for summary judgment, nor does it ask the Court to reconsider its decision that Plaintiff abandoned her claims against SouthState Advisory. [DE 430 at 14605]. Thus, the Court will not address SouthState Advisory.

Sixth Circuit case law supports the proposition that a plaintiff is deemed to have abandoned a claim when they fail to address it in response to a motion for summary judgment. *Brown v. VHS of Michigan, Inc*., 545 F. App'x 368, 372 (6th Cir. 2013); *see Hicks v. Concorde Career Coll*., 449 F. App'x 484, 487 (6th Cir. 2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment); *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 524–25 (6th Cir. 2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim); *Conner v. Hardee's Food Sys., Inc.*, 65 F. App'x 19, 24–25 (6th Cir. 2003). The Court agrees with SouthState Bank that Plaintiff should not be able to avoid the doctrine of abandonment. Plaintiff filed responses to several other motions for summary judgment, but not SouthState Bank. Even after SouthState Bank filed a notice in the record of no response, Plaintiff failed to file any response. Even after seeking numerous extensions of time,

Plaintiff did not respond. [DE 370]. Moreover, Plaintiff sought to postpone pretrial filings on the eve of the pretrial conference but did not file a response to SouthState Bank's motions. [DE 450-3, Pl. Res.]. As a result, Plaintiff clearly abandoned her claims against SouthState Bank when she chose not to respond. The Court **DENIES** Plaintiff's motion on this issue.

Plaintiff seeks leave to file a belated ninety-nine-page response [DE 450-3, Pl. Proposed Res.] that is seventy-four pages more than the Court's twenty-five-page limit under Local Rule 7.1(d). Fed. R. of Civ. P. 6(b) states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." In determining whether such neglect was excusable, the Court balances five factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *See Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 522 (6th Cir. 2006).

Plaintiff fails to demonstrate excusable neglect in failing to timely file a response to SouthState's motions for summary judgment. As mentioned above, Plaintiff was given three extensions of time to respond to SouthState's motions for summary judgment. Plaintiff did not move for an extension before expiration of the November 29, 2022 deadline. Months passed and Plaintiff failed to respond. In fact, Plaintiff did not even attempt to file a response until after this Court ruled on the motion in the days leading up to the pretrial conference. Here, there is prejudice to SouthState as the request was excessively late, after the Court made ruling, on the eve of the pretrial conference, and only a few weeks before the scheduled trial. The delay was excessive and allowing any belated response would have a significant impact on the judicial proceedings. The

Court has gone to great lengths throughout this case to provide Plaintiff with extensions, but this request to file a ninety-nine-page response this late is beyond the bounds of what this Court can provide.  Such a request wastes the parties' and judicial resources. Counsel's given reason is being overwhelmed due to responding to the other pending motions. Plaintiff has sought an extension for nearly every deadline in this case for the same reason. As noted previously, counsel should only take on representation he is competent to handle. While the request does not appear in bad faith, the other factors strongly counsel against allowing the late filing.  The Court **DENIES** Plaintiff's motion for leave to file out of time and leave to file a ninety-nine-page response brief in excess of the page limit.[2]

Even if the Court were to consider Plaintiffs claims against SouthState, it has reviewed SouthState's motion for summary judgment. [DE 324]. Plaintiff alleges that these claims against SouthState Bank: Count 1, Racketeering, Count 2, Fraud, Count 3, Breach of Fiduciary Duty as Trustee to Income Beneficiary of the Issue Trust, Count 5, Breach of Duty of Good Faith and Fair Dealing, Count 8, Accounting, and Count 9, Negligence, Count 10, Abuse of Process, and Count 11, Negligence Per Se. [DE 104, Pl. Sec. Am. Comp.]. SouthState Bank's motion for summary judgment demonstrated the absence of a genuine issue of material fact on all the claims against it, and Plaintiff fails to produce specific facts in response showing material issues of fact for a jury at trial.[3]

In addition, most of Plaintiff's claims against SouthState Bank are completely or partially time barred. As with the RICO claims against the other Defendants and for the reasons stated in

---

[2] Although the Court will not consider Plaintiff's untimely response in opposition, for the reasons explained below, it would not affect the Court's analysis.

[3] Although Plaintiff did not seek reconsideration of her abandonment of her claims against SouthState Advisory, Plaintiff claims of negligence and accounting, [DE 104, Pl. Sec. Am. Comp.], against SouthState Advisory would similarly fail.

the Court's previous opinion [DE 415], Plaintiff knew enough of her injury in 2004 and thus her RICO claim against SouthState Bank filed in 2020 is time barred. *Rotella v. Wood*, 538 U.S. 549, 554 (2000) (reaffirming its rejection of the "last predicate act" rule, which would cause the statute of limitations on RICO claims "to run anew upon each predicate act forming part of the same pattern").

Plaintiff's fraud claim would likewise be at least partially barred under Kentucky' five-year statute of limitations, KRS 413.120(11). A claim for fraud accrues when it is discovered or should have been discovered in the exercise of reasonable diligence. *Louisville Tr. Co. v. Johns-Manville Prods. Corp.*, 580 S.W.2d 497, 501 (Ky. 1979). But under the statute of repose, KRS 413.130(3), an action for fraud must be commenced within 10 years of the fraud being perpetrated regardless of the discovery date. KRS 413.130(3) ("In an action for relief or damages for fraud or mistake . . . the action shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud"). For the same factual reasons Plaintiff knew enough of her injury in 2004, her fraud claim based on actions before 2015 would be time barred, and any fraud before 2010 would likewise be barred by the statute of repose.

Similarly, Plaintiff's breach of fiduciary duty, good faith and fair dealing, negligence, and negligence per se claims against SouthState Bank would be at partially time barred.[4] "[A]ction[s] for an injury by a trustee to the rights of a beneficiary of a trust . . . shall be commended within five (5) years after the cause of action accrued." KRS 413.120(6); *Watkins v. Tr. Under Will of Bullitt ex rel. PNC Bank, N.A.*, No. 3:13-CV-01113-TBR, 2014 WL 4722200, at *3 (W.D. Ky.

---

[4] Plaintiff's claims for breach of good faith and fair dealing and negligence are duplicative of the breach of fiduciary duty claim and seek redress for alleged injuries caused by a Trustee to the rights of a beneficiary of a trust. [DE 104, Pl. Sec. Am. Comp. *Compare* Counts V, IX, XI *with* Count III.]

Sept. 22, 2014). Any breaches more than five years before Plaintiff's complaint was filed would be time barred.

## B. Motions for Attorney's Fees

South State moves for attorney's fees against Plaintiff's counsel and Plaintiff moves for attorney's fees against South State's counsel, both under 28 U.S.C. § 1927. [DE 423, DE 431].[5] The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. An award of sanctions under §1927 is highly discretionary. *Holmes v. City of Massillon,* 78 F.3d 1041, 1049 (6th Cir. 1996). Section 1927 sanctions serve the purpose of "deter[ing] dilatory litigation practices and [] punish[ing] aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). A finding of bad faith is not required to impose sanction under Section 1927 and the standard is objective. *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 532 (6th Cir. 2006). But, inadvertence or negligence do not meet the objective standard under § 1927. *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997). Counsel's conduct must "fall[] short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id*. "[T]he court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *Metz v. Unizan Bank,* 655 F.3d 485, 489 (6th Cir. 2011) (citation omitted). "An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious

---

[5] Plaintiff also states that she seeks sanctions under Rule 11, Rule 37, and Rule 54 but she does not cite or discuss the applicable standards under these rules or otherwise analyze them.

cases of misconduct." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). "Punishment under the statute is sparingly applied[.]" *Shields v. Nat'l Auto. Sprinkler Ind. Welfare Fund*, No. 3:08-CV-0285-H, 2009 WL 3231380 at *2 (W.D. Ky. Sept. 30, 2009); *Pierzynowski v. Police Dep't of City of Detroit*, 947 F. Supp. 1147, 1151 (E.D. Mich. 1996) (both citing *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994)).

The parties' motions have been carefully reviewed. SouthState contends Plaintiff's counsel caused needless discovery disputes and delayed this litigation on multiple occasions under a similar pattern of delay and dilatory conduct. [DE 423]. Plaintiff contends SouthState's counsel engaged in a pattern of misrepresentation and tactics designed to lengthen and delay Plaintiff from prosecuting her case. [DE 431]. The motions seek attorney's fees for selective instances. The Court will not detail every instance in which fees are sought but will reference some examples.

Plaintiff contends she was not able to depose SouthState because the dates offered were times when it was known by SouthState that Plaintiff would not be available and were thus disingenuous and designed to impede. [DE 431 at 14629]. The Magistrate Judge held this was because Plaintiff's conflicts were previously undisclosed. [DE 369]. The circumstances surrounding the scheduling of this deposition show Plaintiff bears at least some fault in this.

SouthState seeks fees incurred in litigating an extension of Plaintiff's deadline to amend pleadings. Plaintiffs sought an extension so that she could review Defendants' discovery responses before amending her pleading. Plaintiff had already amended her complaint twice. Plaintiff ultimately never filed any amended pleading, thus SouthState argues its time spent disputing and litigating her need to extend the deadline was a waste. [DE 423 at 14445]. SouthState's frustration with the way the dispute unfolded is noted, but it was Plaintiff's right as to whether to amend, and

that she sought an extension of that right to have the option to do without making an amendment does not warrant attorney's fees.

Most of the parties' arguments seeking fees pertain to who was at fault for discovery disputes that resulted in both parties filing motions to compel, none of which were wholly resolved in favor of either party and for which it appears no sanctions were awarded by the Magistrate Judge when the disputes were resolved.[6] [DE 267, Opinion and Order, DE 369, Opinion and Order]. While the Court does not excuse these disputes, they do not rise to the level of sanctionable misconduct.  The Magistrate Judge did not strictly rule in favor of either party on these disputes. *See e.g.* [DE 267, DE 369].  This Court did overrule one of the Magistrate Judge's rulings in Plaintiff's favor as they pertained to discovery withheld by SouthState Bank but overruled some of Plaintiff's objections related to SouthState Advisory's discovery responses. [DE 339]. SouthState complains that Plaintiff has still not produced some discovery that was litigated and ordered to be produced; however, an objection was pending and rendered moot by the Court's summary judgment order.

This case involved somewhat complex issues, some of which reach back as far as the 1980s. Several of the instances at issue seem the result of Plaintiff's lack of capacity to take on a complex litigation against multiple defendants, including three banks. While these instances may indicate the case could have been litigated more effectively and efficiently, they are not instances that rise to the level of egregious misconduct for which the Court finds it would be appropriate to

---

[6] Plaintiff sought sanctions against PNC, which the Magistrate Judge declined to award. [DE 267 at 5566].

award attorney's fees. Considering the record and considering the parties' motions, the is no basis to award attorney's fees under 28 U.S.C. § 1927 and the motions are **DENIED**.

### C. Bill of Costs

PNC, Wells Fargo, and Marilyn prevailed at summary judgment and filed bills of costs within 30 days. Fed. R. Civ. P. 54(d)(1); Local Rule 54.3.  The claims against SouthState were dismissed as abandoned at summary judgment and SouthState also filed a bill of costs within 30 days. Plaintiff filed objections. [DE 445,DE 452, DE 453, DE 458]. SouthState seeks (1) $13,672.25 for deposition transcripts of Mary Eitel, Stephen Pullin, Marilyn Eitel, Amy Perisol, Amy Henderson, Jennifer Hanigan, Greg Evans, Linda Clark, Donald Coker, Robert Valker, and Rene Lamar, and (2) $814.10 for copies used at depositions as exhibits. [DE 422]. Marilyn seeks 10,006.25 for deposition transcripts of Mary Eitel, Stephen Pullin, Marilyn Eitel, Amy Peirsol, Amy Henderson, Jennifer Hanigan, Greg Evans, Linda Clark, and Donald Coker. [DE 424]. Wells Fargo seeks $12,893.20 for deposition transcripts for Mary Eitel, Stephen Pullin, Marilyn Eitel, Amy Perisol, Amy Henderson, Jennifer Hanigan, Greg Evans, Linda Clark, Donald Coker, Robert Valker, and Rene Lamar. [DE 426]. Finally, PNC seeks $13,339.42 for deposition costs for Mary Eitel, Marilyn Eitel, Stephen Pullin, Amy Perisol, Greg Evans, Linda Clark, Donald Coker, Jennifer Hanigan, Rene Lamar, and Robert Valker. [DE 427].

Federal Rule of Civil Procedure 54(d)(1) authorizes a prevailing party to recover costs other than attorneys' fees. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court.").

As used in Rule 54, the term "prevailing party" refers to that party "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care*

*Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). In defining a prevailing party under Rule 54, courts ask whether the judgment reflects a "court-ordered, material, enduring change in the legal relationship between the parties." *Miller v. Caudill*, 936 F.3d 442, 448 (6th Cir. 2019). A party granted summary judgment is a prevailing party under Rule 54. *Swann v. Sec'y*, 668 F.3d 1285, 1289 (11th Cir.2012); *see also Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n. 6 (11th Cir.2001) ("[A] grant of summary judgment is a decision on the merits."). But the Supreme Court has discussed that a defendant may be a prevailing party despite a ruling on the merits and held that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016) ("the defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason."). Although this was not in the context of Rule 54, it the Supreme Court noted that it "has been the Court's approach to interpret the term [prevailing party] in a consistent manner," and thus other district courts in this circuit have held it applies to a prevailing party under Rule 54(d). *Id.*; *B.E. Tech., LLC v. Facebook, Inc.*, No. 2:12-CV-02769-JPM-TMP, 2018 WL 3825226, at *1 (W.D. Tenn. Aug. 10, 2018), *aff'd sub nom. B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675 (Fed. Cir. 2019).

Recoverable costs are limited to those specified by 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (courts have "discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate") (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). Section 1920 allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"; "[f]ees and

disbursements for printing and witnesses"; "[f]ees of the clerk," such as filing fees; "[c]ompensation of court appointed experts"; and "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920.

The objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming*, No. 1:09-cv-81, 2010 WL 3069106, at *1 (W.D. Ky. Aug. 4, 2010). But the court must determine that "the expenses are allowable and that the amounts are reasonable and necessary" before awarding costs. *Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 860 (6th Cir. 2015) (quotation omitted).

Courts may decline awarding costs when "'it would be inequitable under all the circumstances in the case.'" *Smith v. Joy Techs., Inc.*, No. 11-CV0-270-ART, 2015 WL 428115, at *1 (E.D. Ky. Feb. 2, 2015) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (internal quotation marks omitted)). "The Sixth Circuit has laid out a few situations where courts appropriately use their discretion to refuse costs: (1) where the prevailing party's costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has 'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." *Smith,* 2015 WL 428115, at *1 (quoting *White & White, Inc.*, 786 F.2d at 730). "In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Huntsville Golf Dev., Inc.*, 2011 WL 4960421, at *3 (quoting *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995)); *see also Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (because "[t]axable costs are limited to relatively minor, incidental

expenses," "modest in scope," and "a fraction of the nontaxable expenses borne by litigants for attorneys," there is "no compelling reason to stretch the ordinary meaning" of § 1920).

       1. Analysis

As an initial matter, SouthState is a prevailing party because the Court's order and judgment caused a "court-ordered, material, enduring change in the legal relationship between the parties." *Miller*, 936 F.3d at 448. SouthState "fulfilled its primary objective when[] the plaintiff's challenge [was] rebuffed, irrespective of the precise reason for the court's decision . . . even [though] the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *CRST,* 578 U.S. at 431. While the Sixth Circuit has not addressed whether a defendant becomes a prevailing party when claims are abandoned, under the above Supreme Court precedents and reasons stated, SouthState is a prevailing party. Thus, SouthState is presumptively entitled to costs.

Plaintiff objects that the deposition costs sought were incurred unnecessarily. The cost of a certified transcript is recoverable as among the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." § 1920(2). "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). And courts require less than the utmost necessity. *Cf. McCulloch v. Maryland*, 17 U.S. 316, 413–14 (1819). Instead, depositions "taken within the proper bounds of discovery" are routinely found to be "necessarily obtained for use in the case." *Allen v. Highlands Hospital Corp.*, No. 4-269, 2009 WL 10711811, at *2 (E.D. Ky. Mar. 24, 2009). The deposition costs sought by the parties were incurred in the usual course of discovery, most of which were cited in the motions for summary judgment. All of the deponents for which costs are sought were identified on Plaintiff's witness list for trial. [DE 400]. The Court is not persuaded by Plaintiff's objection that some of the deponents were not relevant to all parties.

Plaintiff alleged a RICO conspiracy against all defendants. At a minimum, depositions of corporate representatives of other parties were relevant to the enterprise element of Plaintiff's RICO claim and Plaintiff's knowledge of her claims. Further, depositions of Plaintiff's experts were necessary expenses even if the expert's opinion did not relate to all defendants, as they could have implications to the other defendants. Plaintiff also cites no support for her argument that the Defendants were required to share courtesy copies of depositions with each other or join in a common defense agreement to avoid these costs. All other objections to the deposition costs are without merit. The deposition costs were necessary, and the Court does not find it would be inequitable to award these costs.

Plaintiff also objects to the costs of copies. Section 1920(4) allows recovery of "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The copy costs sought were for use in depositions. District courts within the Sixth Circuit have allowed such costs, recognizing that "deposition exhibits are routinely necessary to support summary judgment motions and at times prove useful at trial." *Pogue v. Nw. Mutual Life Ins. Co.*, No. 3:14-cv-598, 2019 WL 2814643, at *2 (W.D. Ky. July 2, 2019); *Ashland Hospital Corp. v. RLI Ins.*, No. 13-143, 2015 WL 5063184, *6 (E.D. Ky. Aug. 26, 2015). Though these copies were used during a deposition, the deposition themselves were used in summary judgment briefing or related to a potential trial witness, and therefore the same reasoning discussed above applies to allow recovery. Thus, these costs were necessary, and the Court does not find it would be inequitable to award them.

Finally, Plaintiff also argues that PNC's and Wells Fargo's costs were untimely and that Local Rule 54.3's thirty-day deadline is invalid because it permits more time for a party to submit costs than Rule 54. *e.g.* [DE 453]. Rule 54(d)(2)(B) provides for a fourteen-day time period for

bills of costs "[u]nless otherwise provided by statute or order of the court." But Fed. R. Civ. P. 83(a)(1) of the Federal Rules of provides in relevant part that: "[A] district court . . . may adopt and amend rules governing its practice." Further, "[t]he Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business." 28 U.S.C. § 2071(a).  Moreover, Local Rule 54.3's thirty-day deadline has been cited with approval by the Sixth Circuit. *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 693 (6th Cir. 2005).

## II.     CONCLUSION

For the reasons above, the Court **ORDERS** as follows:

1.  Plaintiff's motion to reconsider/vacate/alter/amend [DE 430] is **DENIED**.

2.  Plaintiff's motion for leave to permit a late filing that exceeds the page limit under the local rules [DE 430] is **DENIED**.

3.  The following motions are **REINSTATED to the docket:** Defendants SouthState Bank's and SouthState Advisory's Bill of Costs [DE 422] and Motion for Attorney's Fees [DE 423], Defendant Marilyn Eitel's Bill of Costs [DE 424], Defendant Wells Fargo's Bill of Costs [DE 426], Defendant PNC's Bill of Costs [DE 427], and Plaintiff's Motion for Attorney's Fees [DE 431].

4.  Defendants South State Bank, N.A..'s and South State Advisory, Inc.'s costs [DE 422] are **GRANTED** and Plaintiff is ordered to pay Defendant South State Bank, N.A..'s and South State Advisory, Inc.'s costs in the amount of $14,486.35 **within 90 days of the entry of this order**.

5.  Defendant Marilyn Eitel's costs [DE 424] are **GRANTED** and Plaintiff is ordered to pay Defendant Marilyn Eitel's costs in the amount of $10,006.25 **within 90 days of the entry of this order**.

6.  Defendant Wells Fargo Bank, N.A.'s costs [DE 426] are **GRANTED** and Plaintiff is ordered to pay Defendant Wells Fargo Bank, N.A.'s costs in the amount of $12,893.20 **within 90 days of the entry of this order**.

7.  Defendant PNC Bank, N.A.'s costs [DE 427] are **GRANTED** Plaintiff is ordered to pay Defendant PNC Bank, N.A.'s costs in the amount of $13,339.42 **within 90 days of the entry of this order**.

8.  Defendant South State Bank, N.A..'s and South State Advisory, Inc.'s motion for attorney's fee [DE 423] is **DENIED**.

9.  Plaintiff's motion for attorney's fee [DE 431] is **DENIED.**

Rebecca Grady Jennings, District Judge
United States District Court

September 30, 2024

21