UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARY EITEL                                                                                                    Plaintiff

v.                                                                                         Civil Action No. 3:20-cv-12-RGJ

PNC BANK, N.A. ET AL                                                                                      Defendants

**MEMORANDUM OPINION & ORDER**

On December 24, 2024, Plaintiff Mary Eitel ("Plaintiff") filed a Transcript Request with the Court. [DE 476]. Pursuant to Federal Rule of Appellate Procedure ("Rule") 10 and "Court Orders from the 6th Circuit Court of Appeals as it pertains to orders of transcripts," Eitel sought the Court to reconstruct the record of several unrecorded telephonic status conferences ("TSCs") held before the Magistrate Judge. The Court referred Plaintiff's Transcript Request [DE 476] to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (b)(3) for her determination or report and recommendation, as may be appropriate. [DE 480, Text Order]. The Magistrate Judge resolved Plaintiff's transcript request with a Memorandum Opinion and Order because the request is not dispositive. [DE 481]. The Magistrate Judge's opinion granted in part and denied in part Plaintiff's transcript request. [*Id.*]. Plaintiff timely objects to the Magistrate Judge's Memorandum Opinion and Order. [DE 482, DE 483].[1] Defendants South State Bank, N.A. and South State Advisory, Inc. (collectively "SouthState Defendants") responded [DE 486] with leave of Court [DE 485]. Plaintiff moved for leave to reply [DE 487] and moved for leave to file a corrected reply [DE 488]. For the reasons below, the Court **GRANTS** Plaintiff's motion to file a reply and motion to file corrected motion for leave to file reply [DE 487, DE 488], and **DENIES** Plaintiff's objection [DE 483] to the Magistrate Judge's order.

---

[1] Plaintiff's objection was filed in the record twice at Docket Entries 482 and 483.

1

## STANDARD OF REVIEW

A party may object to a magistrate judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's non-dispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). This Court reviews factual findings under the clearly erroneous standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* per curiam, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition) (internal quotation marks omitted). A magistrate judge's findings of fact are "clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . ." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). This Court reviews the Magistrate Judge's legal conclusions under the contrary to law standard. *Gandee*, 785 F. Supp. at 686. A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Id.* citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D.Cal.1983).

Review under this standard "provides considerable deference to the determinations of magistrates." *Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2025 WL 1146666, at *1 (M.D. Tenn. Jan. 17, 2025) (quoting *Bonasera v. Penn. Nat'l Mut. Cas. Ins. Co.*, No. 2:19-CV-3817, 2021 WL 1785618, at *1 (S.D. Ohio May 5, 2021) and *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550 (S.D. Ohio 2014) (internal quotation marks omitted)). Magistrate judges "have broad discretion to regulate nondispositive matters." *Sherrod v. Enigma Software Grp. USA, LLC*,

No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006)). Reversal is warranted only if that discretion is abused. *Id.*; *see also* 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

## DISCUSSION

When a party files a written objection to a nondispositive order by a magistrate judge, Local Rule 72.2 prohibits another party from filing a response "unless directed by the Court." The rule "clearly contemplates the discretionary authority of the Court to grant leave for a party to file a response to a written objection to a Magistrate Judge's non-dispositive ruling." *Davis v. Hartford Life & Acc. Ins. Co.*, No. 3:14-CV-507-CHB, 2018 WL 5045211, at *1 (W.D. Ky. Oct. 17, 2018). As a result, this Court granted the SouthState Defendants an opportunity to respond. [DE 485]. The same standard holds true for the request to file a reply and corrected reply under these circumstances. Because the Court believes that full consideration of all Plaintiff's arguments will aid the Court in finally resolving the pending issues, the Court will **GRANT** Plaintiff's motion for leave to file a reply [DE 487], and motion for leave to file corrected motion for leave to reply [DE 488], and those will be considered by the Court. *Profitt v. Highlands Hosp. Corp.,* No. CV 7:19-15-KKC, 2022 WL 409696, at *2 (E.D. Ky. Feb. 9, 2022).

Plaintiff asserts several objections to the Magistrate Judge's Order. First, Plaintiff objects to the Magistrate Judge's refusal to certify paragraph 9 of Plaintiff's counsel's affidavit, which pertains to the Magistrate Judge's September 7, 2022 telephonic conference with the parties and entry of a subsequent order that stated:

> A telephonic status conference was conducted in this action on September 7, 2022, at 2:00 p.m., with Leone Horne appearing on behalf of the Plaintiff, Maureen Taylor appearing on behalf of Marilyn Casey Eitel, Adam Reeves appearing on behalf of SouthState Bank, N.A. and SouthState Advisory, Inc., Sarah Cameron appearing on behalf of PN Bank, N.A., and James Derrick appearing on behalf of Wells Fargo Bank, N.A. The conference was held to discuss the parties' status reports submitted on August 26, 2022. **The parties have indicated they will continue moving the case forward with the scheduling order that contains a September 15, 2022, deadline for dispositive motions. (See DN 267 at 27).**

[DE 318][2] (emphasis added). Plaintiff argues the above order "materially misleads the reviewing court" and is "patently inaccurate" because it omitted Plaintiff's statements during the conference "that the schedule was impossible to meet." [DE 483 at 1613]. Plaintiff sought to certify paragraph 9 of her counsel's affidavit which states:

> On September 7, 2022, Magistrate Judge Regina Edwards, sua-sponte, held a telephonic status conference and subsequently filed a text-order (D.E. 318). Judge Edwards text-order (D.E. 318) materially omitted the arguments and statements of Plaintiff's counsel as it pertained to the schedule of the case deadlines. Specifically, Judge Edwards text-order simply recites "The parties have indicated they will continue moving the case forward with the scheduling order that contains a 9/15/2022 deadline for dispositive motions," yet such text-order **completely omits Leon H. Horne, III's explicit and strenuous statements that his ability, as sole counsel, to respond to all of the motions was impossible given their foreseeable length and voluminous attachments in pagination.** The District Court record plainly demonstrates Mr. Horne's concerns were substantiated by the voluminous filings by all of the Defendants for summary judgment and Motions to Exclude**. Leon H. Horne, III further requested for a schedule,** both **during the September 7, 2022 hearing** as well as in prior telephonic hearings before Magistrate Judge Edwards and in separate conferences with Defendants' counsel **to stagger the deadlines for Plaintiff's responses to dispositive motions**, such relief rejected by Judge Edwards and all Defendants' counsel, leading to an inundation of thousands of pages of briefing and exhibits to be reviewed and responded to by Leon H. Horne, III as a solo-practitioner. **At no time did Plaintiff's counsel, Leon H. Horne, III, ever agree the schedule during the September 7, 2022 hearing was appropriate or "agreed to."**

---

[2] The text description of the order [DE 318] on the docket sheet states "REPORT FROM TELEPHONIC STATUS CONFERENCE for proceedings held before Magistrate Judge Regina S. Edwards: Telephonic Status Conference held on 9/7/2022. The parties have indicated they will continue moving the case forward with the scheduling order that contains a 9/15/2022 deadline for dispositive motions. cc: Counsel." Plaintiff seems to assert that this description is a text order, but a separate order with additional details of the conference was entered in the record along with this description.

[DE 476-1 at 16620]. Plaintiff objects to the Magistrate Judge's refusal to certify paragraph 9 of her counsel's affidavit because "neither Judge Edwards nor South State controverted such statements during the F.R.A.P. 10 process." [DE 483 at 16713]. Plaintiff cites no law or authority in support of this objection. As an aside, the September 7, 2022 order does not explicitly state that Plaintiff "agreed to" the schedule but that "[t]he parties have indicated they will continue moving the case forward with the scheduling order that contains a September 15, 2022, deadline for dispositive motions." Although this language could imply that Plaintiff agreed, it does not expressly state that Plaintiff agreed. Plaintiff filed a status report on August 26, 2022, shortly before the September 7, 2022 telephonic conference. [DE 314]. In her August 26, 2022 status report, Plaintiff expressed that dispositive motion practice was not ripe because of outstanding discovery disputes and the need for additional discovery to develop the record. [*Id*.]. Her status report did not expressly request an extension of the dispositive motion deadline. [*Id*.]

Contrary to Plaintiff's objection, the Magistrate Judge relied on proper authorities in finding Plaintiff's affidavit as to the September 7, 2022 teleconference unsupported. Specifically, the Magistrate Judge found Plaintiff's affidavit not supported by the "order by the Court or filings from the parties." [DE 481 at 16696]. The Magistrate Judge emphasized Plaintiff's affidavit was two years after the conference. [*Id*.] The Magistrate Judge also emphasized that Plaintiff did not object to the after it was entered. [*Id*.] In other words, the Magistrate Judge found the record itself more persuasive evidence of what occurred than Plaintiff's statements two years later. [*Id*.]. Under Fed. R. App. P. 10(c), "the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection . . . the appellee . . . may serve objections . . . [t]he statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval." In addition to the record itself, the Magistrate

5

Judge's ruling stated that she considered Plaintiff's submissions, SouthState's objections, and her own recollection. [DE 481 at 16688]. It was appropriate, per the plain language of Fed. R. App. P. 10(c) and case law for the Magistrate Judge to consider these items. *Malibu Media, LLC v. Ricupero*, No. 2:14-CV-821, 2016 WL 6566673, at *2 (S.D. Ohio Nov. 4, 2016) ("the Court is permitted to rely on its own recollection of events . . ." (citing *United States v. Caramadre*, 807 F.3d 359, 376 (1st Cir. 2015)). Thus, the Magistrate Judge relied upon proper authority in refusing to certify paragraph 9 of Plaintiff's counsel's affidavit as to the September 7, 2022, telephonic conference order and her ruling was not clearly erroneous or contrary to law.

Similarly, Plaintiff objects that the Magistrate Judge's refusal to certify paragraph 9 of her counsel's affidavit as to a purported request for staggered deadlines because the Magistrate Judge's order "lack[s] . . . controverting testimony or evidence." [DE 483 at 16714]. As with the previous objection, Plaintiff cites no law or authority in support of her objection. Additionally, it is incorrect that the Magistrate Judge's ruling lacked support. The Magistrate Judge referred to the fact that Plaintiff's filings around the time did not request a staggered briefing schedule and that in an earlier motion to extend expert deadlines, Plaintiff requested a uniform extension of the dispositive motion deadline. [DE 481 at 16694]. Plaintiff did not object to the order summarizing the September 7, 2022 conference at the time or on two subsequent occasions, and Plaintiff requested uniform extensions of the deadline (which the Magistrate Judge granted in part), not staggered. [DE 481 at 16695]. The Magistrate Judge found Plaintiff's affidavit, two years after the fact, to be self-serving. [*Id*. at 16696]. As with the previous objection, the Magistrate Judge relied upon proper authority in not certifying paragraph 9 of Plaintiff's counsel's affidavit as it relates to Plaintiff's alleged request for staggered deadlines. Such ruling was not clearly erroneous or contrary to law.

6

Plaintiff objects to the Magistrate Judge "utilizing the pleadings of South State's second-chair counsel . . . and their pleadings that his notes from the September 7, 2022 teleconference . . . to overcome Mary's submitted declarations." [DE 483 at 16714]. As with other objections, Plaintiff cites no law or authority in support of this objection. SouthState's counsel represents in SouthState's objection that his notes from the conference do not mention a request from Plaintiff for staggered deadlines or an objection to the schedule. [DE 477 at 16658]. SouthState's counsel did not submit his notes or an affidavit, but counsel signed SouthState's objections pursuant to Fed. R. Civil P. Rule 11(b) which "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:(1) it is not being presented for any improper purpose . . . (3) the factual contentions have evidentiary support . . . and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Sufficient other information in the record supports the Magistrate Judge's ruling. But to the extent the Magistrate Judge considered SouthState's counsel's representation of his notes, that representation was signed pursuant to Rule 11. Rule 10(c)'s phrase "settlement and approval" is "generous in its scope," *Caramadre*, 807 F.3d at 376, and it was appropriate for the Magistrate Judge to consider SouthState's representations under the plain language of Fed. R. App. P. 10(c). Plaintiff fails to show that the Magistrate Judge's consideration of SouthState's representations and referenced notes was clearly erroneous or contrary to law.

Plaintiff additionally asserts that the Magistrate Judge failed to evaluate SouthState's credibility given its misstatement in its objection that the Court dismissed Plaintiff's claims against SouthState on the merits. [DE 483 at 483]. Again, no law is cited in support. The Magistrate Judge addressed Plaintiff's argument about SouthState's statement, noting that Plaintiff's claims

7

against SouthState were dismissed for procedural reasons (not on the merits) but disagreeing that SouthState's statement "warrant[s] 'strong deference' to [Plaintiff] in determining the statement of proceedings." [DE 481 at 16698]. The Magistrate Judge understood the statement was inaccurate and considered Plaintiff's argument. The Court agrees with the Magistrate Judge that an inaccurate statement that was ancillary to the issue at hand does not mean the Magistrate Judge must defer to the Plaintiff's statement of the proceedings. And the Magistrate Judge's ruling is based on more than SouthState's objection. It also takes into consideration the record, the Court's orders at issue, the late timing of Plaintiff's request for transcript, the affidavits submitted by Plaintiff, and the Magistrate Judge's own recollection. Plaintiff fails to show that the Magistrate Judge's consideration of SouthState's objection and was clearly erroneous or contrary to law.

Finally, Plaintiff asserts that the Magistrate Judge erred as a matter of law in applying unpublished cases cited by SouthState in is objection to Plaintiff's transcript request. [DE 483 at 16716-17]. Plaintiff first argues that the Magistrate Judge's order fails to "provide a complete, true and accurate record of what occurred at a proceeding" as set forth in *Malibu Media LLC v. Ricupero*, No. 2:14-CV-821, 2016 WL 6566673, at *4 (S.D. Ohio Nov. 4, 2016), in denying Plaintiff's transcript request. This objection is conclusory and lacks further development necessary to present a specific objection. Nonetheless, the Court has reviewed the Magistrate Judge's order and is not left "with a definite and firm conviction that a mistake has been made." *Heights Cmty. Congress*, 774 F.2d at 140. The Magistrate Judge addressed Plaintiff's arguments in support of her transcript request and specifically explained why the requests were not appropriate and could not be certified. [DE 481].

Plaintiff further argues the Magistrate Judge erred in considering *United States v. Caramadre*, 807 F.3d 359, 375 (1st Cir. 2015). [DE 483 at 16716]. She argues that "*Caramadre*

8

involved a criminal matter involving an accountant who was convicted of defrauding clients, so any attempt to analogize the situation in *Caramadre* to Mary's credibility is simply incomparable and should be disregarded . . ." [DE 483 at 16716]. As with Plaintiff's other objections, she does not specifically cite any portion of the Magistrate Judge's order in identifying this objection. The Magistrate Judge's order cites *Caramadre* three times. First in support of the proposition that the "Court may rely 'its own recollection of events' when it reviews the parties' statements and 'is not required to give more weight to a contemporaneously recorded lawyer's notes over its own recollection.'" [DE 481 at 16686]. And further that "the phrase 'settlement and approval' in Rule 10(c) 'does not require the Court to ignore case-related matters within its own knowledge.'" [*Id.*] And finally, the Magistrate Judge cited *Caramadre* for the proposition that Rule 10(c) "ha[s] been held to apply to [unrecorded telephonic status] conferences." [DE 481 at 16687]. Plaintiff's objection does not match the Magistrate Judge's analysis and the Magistrate Judge's order did not "analogize" the underlying facts of *Caramadre* to this case. Instead, the Magistrate Judge cited *Caramadre* for legal principles which Plaintiff does not appear to disagree, and the Magistrate Judge appropriately analyzed the facts of the present case. Plaintiff fails to show that the Magistrate Judge's consideration of *Caramadre* is contrary to law. *Gandee*, 785 F. Supp. at 686.

Plaintiff requests, in the alternative, that she be permitted to supplement her briefs "as they pertain to Defendant South State's citation to unpublished cases which Mary and her counsel state are not readily available." [DE 483 at 16717]. She requests the Court order SouthState to provide courtesy copies of the cited cases and provide Plaintiff further briefing. [*Id.*] However, the Magistrate Judge determined pursuant to the Court's Local Rule 7.1(h) that SouthState was not required to serve copies of the unpublished cases on Plaintiff because they are available electronically. [DE 481 at 16699]. The Court agrees and Plaintiff makes no specific objection to

9

this ruling or the Magistrate Judge's cited authorities. [DE 483 at 16717]. The Plaintiff's alternative request lacks support and thus must be denied.

## CONCLUSION

For the reasons above, the Court **ORDERS** as follows:

1. Plaintiff's motion to file a reply and motion to file corrected motion for leave to file reply [DE 487, DE 488] are **GRANTED**; and

2. Plaintiff's objections to the Magistrate Judge's memorandum opinion and order [DE 481] under Fed. R. Civ. P. 72(a) [DE 482] are **DENIED AND OVERRULED** as set forth above.

Rebecca Grady Jennings, District Judge
United States District Court

January 26, 2026

Cc:   Sixth Circuit Court of Appeals, Case No. 24-6000, *Mary Eitel v. PNC Bank, NA, et al.*